IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANZANO P. CHAMBLISS,**

    **Petitioner,**

**vs.**                                                 **CIVIL NO. 16-cv-1052-DRH**

**PERRY COUNTY JAIL,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Petitioner, currently incarcerated in the Perry County Jail, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his conviction.  The underlying Petition was filed on September 20, 2016.  (Doc. 1).  Much of the Petition is rambling and incoherent, although it appears that Petitioner is alleging that his right to a speedy trial was violated; that the judge erred when he allowed Petitioner to proceed pro-se, as Petitioner had previously been found mentally incompetent to stand trial; that he should have been charged under a misdemeanor statute, not a felony; and that there was insufficient evidence to convict him.  (Doc. 1).  Petitioner also filed an "addendum" on October 3, 2016, which the Court has considered.  (Doc. 5).

    Petitioner was the subject of two cases in 2015 in Perry County, Illinois: 1) Case No. 2015-CF-79 and Case No. 2015-CM-121.  (Doc. 1, p. 1).  Perry County records show that 2015-CM-121 was eventually dismissed at the motion of the state's attorney.  Petitioner went to trial in 2015-CF-79 and a jury found him

guilty. (Doc. 1, p. 1). Petitioner alleges that he then filed a written motion asking that the judgment be reversed. (Doc. 1, p. 1). Although the trial concluded on August 12, 2015, Petitioner has not been sentenced yet due to competency hearings. (Doc. 1, p. 3, 6, 22). Petitioner's motion was denied. (Doc. 1, p. 3). Petitioner has affirmatively stated that he did not seek review by a higher state court. (Doc. 1, p. 4). In lieu of taking that step, he has written to the ACLU. (Doc. 1, p. 4). He did not appeal to the United States Supreme Court. (Doc. 1, p. 4). He has not applied for any post-conviction petitions, applications, or motions in state court. (Doc. 1, p. 4). Petitioner has affirmatively stated that the only step he has taken to attack his conviction is filing a motion to reverse the judgment in the trial court.

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the Petition must be dismissed.

Before a habeas action may be heard in federal court, a petitioner is required to exhaust his available remedies in state court, or else show cause and prejudice for the failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250

F.3d 506, 508-09 (7th Cir. 2001). To exhaust his remedies, a state prisoner must fairly present his claim in each appropriate state court including a state supreme court with powers of discretionary review. *Byers v. Basinger*, 610 F.3d 980, 985 (7th Cir. 2010); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that state prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Spreitzer v. Schomig*, 219 F.3d 639, 644-45 (7th Cir. 2000). A prisoner need not pursue all separate state remedies that are available to him but must give "the state courts one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509. Further, "[i]f a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez v. Scillia*, 193 F.3d 913, 917 (7th Cir. 1999); *see also O'Sullivan*, 526 U.S. at 848.

Petitioner has affirmatively stated here that he has not exhausted his state court remedies. He has not made a direct appeal of the jury verdict to the state appellate court. Indeed, as Petitioner has not been sentenced yet, it is clear the proceedings in the state court are not final, judgment could not yet have been entered. Petitioner has also not attacked his conviction collaterally through the available state court remedies. Petitioner must present his claims fairly to the state system before bringing an action in Federal Court. Because it is clear from

3

his filings that he has not done so, these claims will be dismissed without prejudice.

The Court also notes that in his "addendum," Petitioner requests monetary damages. Damages are not available through habeas in any event, and to the extent that Petitioner is attempting to assert claims for damages, those claims are dismissed with prejudice. *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."). Should Petitioner wish to pursue his claims for damages, he must file a § 1983 case, although in many instances, such claims are barred until the underlying conviction has been overturned.

## Disposition

For the reasons stated above, the instant habeas Petition is **DISMISSED** without prejudice. This order is not final for the purposes of filing an appeal and will not be reviewable by the appellate court because Petitioner still has the opportunity to exhaust his state court remedies. *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006). If necessary, Petitioner may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. *See* 28 U.S.C. § 2244(d)(1).

Petitioner's Motion for Leave to Proceed IFP is **DENIED AS MOOT.** (Doc. 7). Petitioner has already been granted that relief, and the docket shows that he paid his filing fee in this case on October 12, 2016. Furthermore, Petitioner's Motion "for Legal Malpractice" is **DENIED**, as that Motion seeks leave to file a

motion in state court, a matter clearly outside the bounds of habeas relief.  (Doc. 9).  The Motion is also frivolous in that it requests relief already requested in the Petition and the "Addendum."

**IT IS SO ORDERED.**

**Signed this 21st day of October, 2016.**

Digitally signed by
Judge David R. Herndon
Date: 2016.10.21
14:41:08 -05'00'

**United States District Judge**